IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMILY BARRY

        Plaintiff

   v.

THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.

        Defendant

Civil Action No. 2:25-cv-01428

## ANSWER TO COMPLAINT

Defendant Thomas Jefferson University Hospitals, Inc. ("Jefferson"), by and through its attorneys, respectfully responds to Plaintiff Emily Barry's ("Plaintiff" or "Ms. Barry") Complaint, as follows:

## PRELIMINARY STATEMENT

1. The averments of Paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson admits only that Ms. Barry purports to proceed as stated. Jefferson denies the remaining averments in Paragraph 1, including that her claims have any merit.

2. Jefferson admits that Ms. Barry purports to state claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinances Act ("PFPA"). Jefferson denies that Ms. Barry's claims have any merit.

## JURISDICTIONAL STATEMENT

3. The averments of Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson does not dispute that this court has jurisdiction over this matter.

4. The averments of Paragraph 4 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson does not dispute that this Court has jurisdiction over this matter.

5. The averments of Paragraph 5 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson does not dispute that this Court has supplemental jurisdiction over this matter.

6. The averments of Paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed required, it is denied.

## VENUE

7. The averments of Paragraph 7 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson does not dispute that venue is proper in this Court.

8. The averments of Paragraph 8 are conclusions of law to which no response is required. To the extent a response is deemed required, Jefferson does not dispute that venue is proper in this Court.

## PARTIES

9. Admitted, upon information and belief.

10. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

11. Denied as stated. TJUH is a private, non-profit corporation that includes three inpatient facilities, including Jefferson Hospital for Neuroscience, located in Philadelphia County, Pennsylvania.

12. Admitted.

13. Admitted.

14. Denied as stated. It is admitted that Jefferson does business in the Commonwealth of Pennsylvania and the City of Philadelphia.

15. The averments of Paragraph 15 are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

16. The averments of Paragraph 16 are conclusions of law to which no response is required. To the extent a response is deemed required, it is denied.

17. The averments of Paragraph 17 are conclusions of law to which no response is required. To the extent a response is deemed required, it is admitted.

18. The averments of Paragraph 18 are conclusions of law to which no response is required. To the extent a response is deemed required, it is admitted.

19. The averments of Paragraph 19 are conclusions of law to which no response is required. To the extent a response is deemed required, it is admitted.

20. The averments of Paragraph 20 are conclusions of law to which no response is required. To the extent a response is deemed required, it is admitted.

## **FACTS**

21. Admitted.

22. Denied.

23. Denied.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Jefferson is without information or knowledge sufficient to form a belief as to what Ms. Barry "observed," and therefore this allegation is denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied as stated. It is admitted that Ms. Barry worked one or two shifts in the NERT role. The remaining allegations in this paragraph are denied.

46. Denied.

47. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

48. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

49. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

50. Denied.

51. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

52. Denied.

53. Denied.

54. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

55. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

56. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

57. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

58. Denied as stated. Ms. Barry showed up to a rock-climbing facility where Ms. Wright and Ms. Diventura happened to be members and were present at the facility.

59. Denied.

60. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

68. Admitted.

69. Denied.

70. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

71. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

72. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Admitted. By way of further answer, Ms. Barry stated in this same post that "if you would prefer to call me Matt/Matthew, that's ok . . ."

81. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Admitted in part; denied in part. It is admitted that Ms. Barry changed her name to MB on the whiteboard. However, Jefferson is without knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

87. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

88. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

89. It is admitted that on December 27, 2022, Ms. Barry emailed the unit and wrote in part "I identify as trans. As a trans, non-binary individual, I prefer to be called MB with the pronouns they/them."

90. Denied.

91. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

92. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

93. Denied.

94. Denied.

95. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

96. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

97. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied as stated. On April 6, 2023, Jefferson presented the Final Written Warning to Ms. Barry for failing to document daily care, positioning, and hygiene for two patients in the "critical care" flowsheet.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Admitted in part; denied in part. It is admitted that Ms. Barry took a vacation in or around May 2023. However, Jefferson is without knowledge as to Ms. Barry's "intent" and therefore it is denied on that basis.

107. Denied.

108. Jefferson is without information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore they are denied.

109. It is admitted that on May 4, 2023, Ms. Barry met with Mr. Caliguri and Antonia Pressley.

110. Denied as stated. The purpose of the conversation was to address Jefferson's concerns as it pertains to Ms. Barry's performance and patient safety.

111. Denied.

112. Admitted in part; denied in part. It is admitted that Ms. Barry was terminated on May 16, 2023. The remaining allegations in this paragraph are denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

### COUNT I
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.**

119. Jefferson incorporates by reference each and every response in paragraphs 1-118 as if fully set forth herein.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT II
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

126. Jefferson incorporates by reference each and every response in paragraphs 1-125 as if fully set forth herein.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT III
### Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq.

131. Jefferson incorporates by reference each and every response in paragraphs 1-130 as if fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## PRAYER FOR RELIEF

136. Jefferson incorporates its responses to Paragraphs 1 through 135 as if fully set forth herein.

Jefferson denies that Ms. Barry is entitled to any of the relief sought in subparagraphs a-h of her Prayer for relief.

**WHEREFORE**, Jefferson respectfully requests that this Court enter judgment in its favor and against Ms. Barry, together with attorneys' fees, costs, and such further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Jefferson's actions with respect to Ms. Barry were at all times taken for legitimate, non-discriminatory and non-retaliatory reasons.

2. At all times, Jefferson acted reasonably and in good faith.

3. Jefferson took reasonable steps to comply with anti-discrimination laws and any acts in violation of the statutes were in contravention of Jeffersons' good faith efforts to comply.

4. Ms. Barry did not satisfy the Philadelphia Fair Practice Ordinance's exhaustion requirement.

5. Any harm suffered by Ms. Barry was caused by her own actions for which Jefferson is not responsible.

6. Jefferson reserves the right to raise any and all other affirmative defenses that may become evident during discovery and during other proceedings in this action.

**WHEREFORE,** Jefferson hereby respectfully requests that this Court deny all relief sought by Ms. Barry and dismiss her Complaint with prejudice and grant Jefferson its fees and costs incurred in defense of her claims.

Dated: May 19, 2025

*/s/ Paul C. Lantis*
Paul C. Lantis, Bar No. 309240
plantis@littler.com
Hannah M. Lindgren, Bar No. 326049
hlindgren@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:   267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendant
THOMAS JEFFERSON UNIVERSITY
HOSPITALS, INC.

## **CERTIFICATE OF SERVICE**

      I, Paul C. Lantis, hereby certify that on the 19th day of May 2025, the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                              */s/ Paul C. Lantis*
                                              Paul C. Lantis